IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

DOUGLAS M. BUTLER, JR.                              PLAINTIFF

VERSUS                              CAUSE NO. 2011-00110(2)

NATIONWIDE MUTUAL INSURANCE COMPANY                DEFENDANT

**TO:**   *CT CORPORATION SYSTEM*
      *REGISTERED AGENT FOR*
      *NATIONWIDE MUTUAL INSURANCE COMPANY*
      *645 LAKELAND EAST DRIVE*
      *FLOWOOD, MS 39208*

<u>**NOTICE TO DEFENDANT**</u>

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to:

**BARTON LAW FIRM, PLLC**

**W. HARVEY BARTON, MSB #2104
BRANDON C. JONES, MSB #101911
3007 MAGNOLIA STREET
PASCAGOULA, MS 39567
Telephone: (228) 769-2070**

Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment of default will be entered against you for the money or other things demanded in the complaint. You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

**ISSUED UNDER my hand and the seal of said Court, this the 6 day of May, 2011.**

JOE W. MARTIN, JR
CIRCUIT CLERK, JACKSON COUNTY, MS
POST OFFICE BOX 998
PASCAGOULA, MS 39568-0998

BY: _/s/ Sarah D. Farber_ D.C.

JOE W. MARTIN, JR.
CIRCUIT CLERK
JACKSON COUNTY, MS
My Commission Expires: JAN 1, 2012



EXHIBIT "A"

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSISSIPPI

**FILED**
MAY 0 4 2011
JOE W. MARTIN, JR., CLERK
BY_____ D.C.

DOUGLAS M. BUTLER, JR.                                                      PLAINTIFF

VERSUS                                            CAUSE NO. 2011-00110(2)

NATIONWIDE MUTUAL INSURANCE COMPANY                       DEFENDANT

---

## COMPLAINT
### (JURY TRIAL DEMANDED)

---

COMES NOW, the Plaintiff, DOUGLAS M. BUTLER, JR., by and through his undersigned attorneys of record and files this his Complaint against the Defendant, Nationwide Mutual Insurance Company, and in support thereof, the Plaintiff would show unto the Court the following matters and facts:

### PARTIES

**I.**

The Plaintiff, DOUGLAS M. BUTLER, JR., is an adult resident citizen of Jackson County, Mississippi and resides at 5850 Laramie Lane, Moss Point, MS 39562.

**II.**

The Defendant, Nationwide Mutual Insurance Company, is an Ohio corporation, with a principal place of business located at One Nationwide Plaza, Columbus, Ohio, 43216, and process may be had upon this Defendant by serving a Summons and copy of the Complaint upon the Honorable Mike Chaney, Insurance Commissioner for the State of Mississippi at his business address located at 1804 Walter Sillers Building, 18th Floor, Jackson, Mississippi, 39201, or by serving their registered agent CT Corporation System, 645 Lakeland East Drive, Flowood, Mississippi, 39208, in the form and manner provided by law.

## JURISDICTION AND VENUE

### III.

This Court has subject matter jurisdiction and venue pursuant to Miss. Code Ann. § 11-11-13 and Miss. Code Ann. § 9-7-81.

## FACTS

### IV.

At all relevant times herein Defendant was engaged in the business of writing and issuing automobile liability policies to individuals.

### V.

Defendant issued to Plaintiff an automobile liability policy which was effective on or about May 10, 2010. This policy provides uninsured motorist coverage that required Defendant to pay funds to the Plaintiff if he was injured by an uninsured/underinsured motorist.

### VI.

The Plaintiff's uninsured motorist coverage has a policy limit of $50,000.00.

### VII.

Because the Plaintiff's policy covers three (3) automobiles, the policy limits on the three vehicles are aggregated, and the total amount of available proceeds to pay Plaintiff's claim is $150,000.00, less the $25,000.00 paid by the liability carrier, USA Insurance.

### VIII.

On May 10, 2010, Plaintiff was injured when he was traveling eastbound on Hwy 90, aka Denny Avenue, in Pascagoula, Mississippi, when Nathan Milsted pulled across traffic into his path causing the Plaintiff to strike Mr. Milsted's vehicle on the driver's side. Mr. Butler had previously been treated by Dr. John C. Chiu of California Spine Institute in 2007, and had a Microdecompressive thoracic discectomy at T-6 and T-7. As a result of this accident, the Plaintiff underwent a complete neuro-spinal evaluation and treatment on November 10, 2010 and underwent a discectomy of the T-5 and T-6, along with injections in his neck and lower back on November 11, 2010.

### IX.

On or about November 23, 2010, Plaintiff notified Defendant's claim representative, Damien Clark, that he would be making a claim under his underinsured motorist provision and provided his proof of injuries.

### X.

On December 8, 2010, the Plaintiff received notification from Defendant's claim representative, Shawn Haley, that she would be handling the claim.

### XI.

On or about January 3, 2011, the Plaintiff provided Defendant a demand package that included his medical records and bills incurred in the amount of $89,197.48, his travel and lodging charges of approximately $1,691.45, and miscellaneous expense for food in the amount of $111.09 for his treatment by Dr. Chu in California.

### X.

On January 4, 2011, Plaintiff was informed by Blue Cross Blue Shield of Mississippi that they could not proceed with payment of his outstanding medical bills until the remaining med pay coverage was paid out by Nationwide. This information was relayed to Defendant in the hope that the Defendant would accelerate a response to Plaintiff's claim and to avoid potential claims by his medical providers for payment. Defendant was put on notice that the Plaintiff was being threatened with collection by his providers and the medical providers may institute collection efforts against him if not paid.

### XI.

Defendant did not notify Blue Cross that the Plaintiff's med pay coverage had been exhausted until March 14, 2011.

### XII.

Defendant did not act promptly or reasonably in evaluating, processing or paying the Plaintiff's claim. As a result, collection efforts and interest were instituted against the Plaintiff by his medical providers.

XIII.

Since November of 2010, and despite repeated requests for action by the Plaintiff, the Defendant has made no offer to pay any uninsured motorist benefits under the applicable policy.

COUNT ONE

BREACH OF CONTRACT

XIV.

Defendant breached a contractual duty to pay insurance proceeds to the Plaintiff.

XV.

Plaintiff is entitled to the remedy of specific performance, in the form of payment of the reasonable amount of compensation for damages suffered as a result of the negligence of the uninsured motorist, subject to the applicable insurance limits. A reasonable amount of compensation for Plaintiff's injuries and economic damage exceeds the uninsured motorist liability limits of Plaintiff's policy. Accordingly, Plaintiff is entitled to the policy limit of $125,000.00. Plaintiff is also entitled to actual damages caused by Defendant's breach.

COUNT TWO

GROSS NEGLIGENCE

XVI.

Defendant breached a duty to investigate, process and pay the claim promptly and within a reasonable time.

XVII.

The failure to act promptly or reasonably, and the failure to communicate an acceptance of the claim, constitutes an implicit denial of the claim, for which the Defendant had no arguable basis.

XVIII.

Defendant's actions and inactions in this regard are grossly negligent and reckless and otherwise constitute an independent tort.

XIX.

As a result of the foregoing, the Plaintiff is not restricted to contractual damages. Plaintiff

may recover the full value of the damage resulting from the negligence of the uninsured motorist, and is entitled to punitive damages in an amount to be determined by the jury, along with an award of attorneys fees.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that this Court will render the Plaintiff any and all relief to which he is entitled, and enter a judgment against Defendant for actual and punitive damages, plus prejudgment interest and reasonable attorneys fees, with all costs to be assessed against the Defendant, in an amount to be determined by the jury.

This the 4th day of May, 2011.

Respectfully submitted, submitted,

DOUGLAS M. BUTLER, JR., Plaintiff

BY: _____
W. HARVEY BARTON, MSB #2104

BARTON LAW FIRM, PLLC

W. HARVEY BARTON, MSB #2104
BRANDON C. JONES, MSB #101911
3007 Magnolia Street
Pascagoula, Mississippi 39567
Telephone: (228) 769-2070
Facsimile: (228) 769-1992
ATTORNEYS FOR PLAINTIFF